PER CURIAM.
The dissolution of this childless two and one-half year marriage was accomplished by an amended final judgment which:
1) awarded the husband a special equity in a dairy owned by the wife amounting to $15,000 net;
2) ordered the wife to pay the husband $13,500 in accrued but unpaid temporary alimony;
3) ordered the wife to pay all of the joint obligations of the parties that pertained to the dairy;
4) ordered the wife to pay the husband permanent periodic alimony of $250 per week, less any worker’s compensation benefits he received;
5) ordered the wife to pay the husband’s attorney’s fees of $10,000.
The wife seeks reversal of all of the foregoing aspects of the judgment, and the prejudgment award of temporary alimony. The judgment was superseded by the wife, whereupon the trial court entered an order awarding the husband “permanent periodic alimony,” pending appeal, in the amount of $250 per week, less the husband’s worker’s compensation award. During the pendency of this appeal we relinquished jurisdiction to the trial court which entered an order terminating the alimony pending appeal.
We have carefully considered all of appellant’s complaints regarding the temporary and permanent awards in the trial court and hold that they generally represent matters within the sound judicial discretion of the trial judge. There is evidence in the record that the husband left his business in Broward County and moved to Okeechobee, where he spent the entire period of the marriage working full time as manager in the wife’s dairy. This evidence supports the finding of a special equity. Upon filing of this suit, the husband was excluded from the dairy and the marital domicile owned by the wife, so he was without income or support. This circumstance justifies an award of temporary alimony and attorney’s fees.
Somewhat belatedly the husband developed back trouble from an alleged injury incurred at the diary and received $130 per week as worker’s compensation. An award of post judgment alimony was therefore appropriate. However, the award should have been termed rehabilitative instead of permanent periodic. Ordinarily we would remand for a change in the type of post judgment alimony. However, on this record, it is our view that the husband has received sufficient post judgment alimony, by whatever name. Therefore, on remand, the permanent periodic alimony provision should be vacated and no further alimony award should be made.
We find no merit in appellee’s two points presented by way of cross-appeal.
In view of the foregoing, we affirm the amended final judgment in all respects except as to ¶ 8, which awards permanent periodic alimony. As to that award the judgment is reversed.
AFFIRMED IN PART, REVERSED IN PART; and remanded with directions.
DOWNEY, HURLEY and DELL, JJ., concur.